**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO: |
| **John Edward Bragg Sr.** | ) | |
| **Kimberly Shay Bragg** | ) | Chapter 13 |
| SSN(s): **xxx-xx-0003, xxx-xx-5889** | ) | |
| **13790 CR 2141** | ) | |
| **Kemp, TX 75143** | ) | |
| | ) | |
| | ) | |
| Debtor | ) | |

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

# CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of ___**see below**___ per ___**month**___ to Trustee by ☐ Payroll Deduction(s) or by ☑ Direct Payment(s) for the period of ___**60**___ months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

    The following alternative provision will apply if selected:

    ☑ Variable Plan Payments

    | Beginning Month | Ending Month | Amount of Monthly Payment | Total |
    |---|---|---|---|
    | 1 (10/25/2013) | 6 (03/25/2014) | $200.00 | $1,200.00 |
    | 7 (04/25/2014) | 60 (09/25/2018) | $250.00 | $13,500.00 |
    | | | Grand Total: | $14,700.00 |

    Reason for Variable Plan Payments:

3. **Payment of Claims. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** Allowed claims shall be paid to the holders thereof in accordance with the terms thereof. From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified. Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims.

Case No:
Debtor(s):  **John Edward Bragg Sr.**
**Kimberly Shay Bragg**

---

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

   (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

   (B). **Debtor's Attorney's Fees.** The total attorney fee as of the date of filing of the petition is __$3,500.00__. The amount of __$0.00__ was paid prior to the filing of the case. The balance of __$3,500.00__ will be paid ☑ from first funds upon confirmation, or in the alternative ☐ from the remaining balance of funds available after specified monthly payments. The total attorney fees are subject to reduction by notice provided in the Trustee's Recommendation Concerning Claims to an amount consistent with LBR 2016(h) absent a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

   ☑  None. If none, skip to Plan paragraph 5(B).

   (i).   Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii).  The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   (iii). Anticipated Domestic Support Obligation Arrearage Claims

   (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   ☑  None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim | (c)<br>Projected monthly arrearage payment |
|---|---|---|
|  |  |  |

   (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   ☑  None; or

   Claimant and proposed treatment:

| (a)<br>Claimant | (b)<br>Proposed Treatment |
|---|---|
|  |  |

   (B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
|  |  |

Case No:
Debtor(s): **John Edward Bragg Sr.**
**Kimberly Shay Bragg**

6. **Secured Claims.**

 (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

  (i). **Pre-confirmation adequate protection payments.** Unless the Court orders otherwise, no later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment, as confirmation is prohibited without said proof.

  Debtor shall make the following adequate protection payments:

  ☐ directly to the creditor; or

  ☑ to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|
| **Millennium Loan Fund, LLC** | **1999 Chrysler LHR** | **$12.05** |

  (ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

   (a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

   ☑ None; or

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Estimated Claim | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|
|  |  |  |  |  |

   (b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

   ☐ None; or

Case No:
Debtor(s): **John Edward Bragg Sr.**
**Kimberly Shay Bragg**

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|
| **Millennium Loan Fund, LLC** **1999 Chrysler LHR** | 7/23/2011 | $2,200.00 | 4.25% | $20.82 |

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor; and (b) Property description | (c) Estimated pre-petition arrearage | (d) Interest rate | (e) Projected monthly arrearage payment |
|---|---|---|---|
| **Henderson County Tax Assessor** **Debtor's Homestead** | $5,795.00 | 12.00% | $165.31 |

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
|  |  |

(D). **Void Lien:** The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor's exempt property. Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 7 below:

| Name of Creditor | Collateral Description | Estimated Claim |
|---|---|---|
|  |  |  |

7. **Unsecured Claims.** Debtor estimates that the total general unsecured debt not separately classified in Plan paragraph 12 is     **$9,312.59**    . After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of     **$546.74**    . Trustee is authorized to increase this dollar amount if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases are assumed, unless rejected herein. Payments due after the filing of the case will be paid directly by Debtor (c) or through the plan by the Trustee (d), as set forth below.

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (e) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☑ None; or

Case No:
Debtor(s): **John Edward Bragg Sr.**
**Kimberly Shay Bragg**

| (a) Creditor; and (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Payment to be paid through plan by Trustee | (e) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
|  |  |  |  |

9. **Property of the Estate.** Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S), unless the Court orders otherwise.

10. **Post-petition claims.** The DEBTOR(S) will not incur any post-petition consumer debt except upon written approval of the Court or the Standing Chapter 13 Trustee. Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

11. **General Provisions.** Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327. Any remaining funds held by the Trustee after dismissal or conversion of a confirmed plan may be distributed to creditors pursuant to these provisions. Notwithstanding section 1329(a), the Trustee may bring a motion anytime within the applicable commitment period of the Plan to modify debtor's Plan to meet the criteria of section 1325(b). Any funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to the debtor's account and disbursed to creditors holding allowed claims pursuant to this Plan, the Confirmation Order, and/or as set forth in the Trustee's Recommendation Concerning Claims.

12. **Other Provisions:**

(A). **Special classes of unsecured claims.**

| Name of Unsecured Creditor | Remarks |
|---|---|

(B). **Other direct payments to creditors.**

| Name of Creditor | Remarks |
|---|---|

(C). **Additional provisions.**

**Trustee's Recommendation Concerning Claims**
Notwithstanding any provision herein to the contrary, the deadline for the Trustee to file the Trustee's Recommendation Concerning Claims, as well as the deadline for filing objections to the Trustee's Recommendation Concerning claims and objections to claims shall be governed by Local Bankruptcy Rule 3015(g).

**Tax Returns and Refunds**
All future refunds which the Debtor(s) receive during the term of the plan, starting with the tax refund, if any, to be received in the tax year 2013, shall be turned over to the Chapter 13 Trustee within ten (10) days of receipt of such, to the extent said refunds exceed $ 2,400.00, and shall be added to the plan base. Whether or not a tax refund is due, Debtor(s) shall provide a copy of their tax return to the Trustee within ten (10) days of filing such during the term of the Plan.

**Valuation**
Notwithstanding any provision herein to the contrary, the value(s) of the collateral securing the claims, if any, as set forth in par. 6(A)(ii)(b) of this Chapter 13 Plan are not determined upon the entry of this confirmation Order, unless an agreement regarding such value is attached to this Order. In the absence of any such attachment, such value shall be established pursuant to each creditor's secured proof of claim pertaining to any such collateral, subject to subsequent modification by the entry of an order resolving any objection to such secured proof of claim or resolving a party's separate motion to value the particular collateral pursuant to 11 USC 506 and Bankruptcy Rule 3012.

Case No:
Debtor(s): **John Edward Bragg Sr.**
**Kimberly Shay Bragg**

Special Note: This plan is intended as an exact copy of the recommended form prepared by the Standing Chapter 13 Trustees for this District, except as to any added paragraphs after paragraph 11 above. The Chapter 13 trustee shall be held harmless for any changes in this plan from the recommended form dated July 1, 2005.

Date: **September 25, 2013**                    **/s/ John Edward Bragg Sr.**
                                                John Edward Bragg Sr., Debtor

**/s/ GORDON MOSLEY**                           **/s/ Kimberly Shay Bragg**
GORDON MOSLEY, Debtor's Attorney                Kimberly Shay Bragg, Debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

IN RE:  **John Edward Bragg Sr.**                                        CASE NO.
                        *Debtor*

**Kimberly Shay Bragg**                                        CHAPTER    **13**
                        *Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on September 25, 2013, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ GORDON MOSLEY**
GORDON MOSLEY
Bar ID:00791311
Gordon Mosley
4411 Old Bullard Rd.
Suite 700
Tyler, Texas 75703
(903) 534-5396

| | | |
|---|---|---|
| ABC American, Inc.<br>P. O. Box 177<br>CINCINNATI, OH 45201 | Attorney General of Texas<br>Taxation Div - Bankruptcy<br>Box 12548 Capitol Station<br>Austin, TX 78711 | Capital One<br>P O Box 85617<br>Richmond, VA 23285 |
| Accounts Receivable Management<br>xxx5160<br>PO Box 637<br>Bellmawr NJ  08099-0637 | B-Line, LLC/Atlantic Credit Finance<br>Household Bank<br>Mail Stop 550<br>2101 Fourth Ave., Ste. 1300<br>Seattle, WA 98121 | Centurytel<br>xxxx6975<br>P.O. Box 6000<br>Marion, LA 71260 |
| Anderson Financial Network Inc<br>PO Box 3097<br>Bloomington IL  61702-3097 | B-Real, LLC<br>MS 550<br>PO Box 91121<br>Seattle, WA 98111 | Cmre Financial Services Inc<br>xxxxxxxxxxxx7729<br>3075 E Imperial Hwy<br>Suite 200<br>Brea, CA 92821 |
| Athens Emergency Med. Assoc. P.A.<br>xxxxxxxxxxxx7729<br>Affiliate of the Schumacher Group<br>P.O. Box 1637<br>San Antonio, TX 78296-1637 | Capital One<br>Bank Legal Department<br>201 St. Charles Ave., 26th Floor<br>New Orleans, LA 70170 | Cmre Financial Services Inc<br>xxxxxxxxxxxx7729<br>3075 E Imperial Hwy Ste 200<br>Brea, CA 92821 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

IN RE:  **John Edward Bragg Sr.**                                                         CASE NO.
                    *Debtor*

**Kimberly Shay Bragg**                                                                      CHAPTER   **13**
                    *Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

| | | |
|---|---|---|
| Cmre Financial Services Inc<br>xxxxxxxxxxxx7581<br>3075 E Imperial Hwy Ste 200<br>Brea, CA 92821 | eCast Settlement Corp<br>PO Box 7247-6971<br>Philadelphia, PA 19170-6971 | ER Solutions<br>xxxx5273<br>PO Box 9004<br>Renton, WA 98057 |
| Colortyme<br>PO Box 875<br>Mabank Texas  75147-0875 | Elliott & Elliott, P.C.<br>166 N. Buffalo St.<br>Canton, TX 75103 | Erich M. Ramsey<br>The Ascension Law Group, P.C.<br>PO Box 201347<br>Arlington, TX  76006 |
| Comnwlth Fin<br>xxxxxxx45N1<br>245 Main Street<br>Dickson City, PA 18519 | Enhanced Recovery Corp<br>xxxx9344<br>8014 Bayberry Rd<br>Jacksonville, FL 32256 | ETMC-Athens<br>PO Box 1996<br>Athens Texas  75751 |
| Comnwlth Fin<br>xxxxxxx78N1<br>245 Main Street<br>Dickson City, PA 18519 | Enhanced Recovery Corp<br>xxxx6975<br>8014 Bayberry Rd<br>Jacksonville, FL 32256 | Financial Corp. of America<br>P.O. Box 16468<br>Austin, Texas 78761 |
| Computer Credit Inc<br>PO Box 5238<br>Winston-Salem NC  27113-5238 | Enhanced Recovery Corp<br>xxxx9344<br>Attention: Client Services<br>8014 Bayberry Rd<br>Jacksonville, FL 32256 | First National Bank of Marin<br>PO Box 98873<br>Las Vegas NV  89193 |
| Credit Collections Srv.<br>xxxx0314<br>PO Box 9134<br>Needham, MA 02494 | Enhanced Recovery Corp<br>xxxx6975<br>Attention: Client Services<br>8014 Bayberry Rd<br>Jacksonville, FL 32256 | First Premier Bank<br>xxxxxxxxxxxx5624<br>601 S Minnesota Ave<br>Sioux Falls, SD 57104 |
| Dish Network<br>Dept 0063<br>Palatine IL  60055-0063 | Equable Ascent Financial, LLC<br>c/o Recover Management Systems Corp.<br>25 S. E. 2nd Ave., Ste 1120<br>Miami, FL 33131 | Gary Bonacquisti MD<br>P O Box 2240<br>Burlington, NC 27216 |

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

IN RE:  **John Edward Bragg Sr.**　　　　　　　　　　　　　　CASE NO.
　　　　　　　　　　　*Debtor*

　　　　**Kimberly Shay Bragg**　　　　　　　　　　　　　　CHAPTER　　13
　　　　　　　　　　*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #2)

---

GE Capital Retail Bank
c/o Recovery Management Systems Corp
25 SE 2nd Avenue, Ste. 1120
Miami, FL  33131-1605

Henderson County Tax Assessor
Mccreary Veselka Bragg & Allen PC
PO Box 26990
Austin, TX 78755

IC Systems, Inc.
 o/b/o Thomas R. Anderson D Attorney at Law
PO Box 1102
Sioux Falls, SD 57101

Grandpointe
P O Box 8939
Madison, WI 53708

Hospital Receivables Service, Inc.
PO Box 816165
Dallas Texas  75381

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114-0326

Grandpointe
c/o Creditors Bankruptcy Service
Po Box 740933
Dallas, TX 75374

HSBC Auto Finance
Bankruptcy Notices
PO Box 17904
San Diego, CA 92177

JC Penney
PO Box 981131
El Paso TX  79998

Granite Recovery
c/o Recovery Management Systems Corp
25 SE 2nd Ave., Ste. 1120
Miami, FL  33131-1605

HSBC Auto Finance
Bankruptcy Notices
PO Box 17906
San Diego, CA 92177

Jefferson Capital Systems, LLC
258 Chapman Rd., Ste. 205
Newark, DE 19702

H&R Block Bank
xxxxxxxxxxxx7382
P.O. Box 3052
Milwaukee, WI 53201-3052

HSBC Auto Finance Department
c/o Ascension Capital Group
PO Box 201347
Arlington, TX 76006

John Edward Bragg Sr.
13790 CR 2141
Kemp, TX 75143

Henderson County Appraisal
PO Box 430
Athens Texas  75751-0430

HSBC Bank
xxxxxxxxxxxx6945
ATTN: BANKRUPTCY
PO Box 5213
Carol Stream, IL 60197

John Talton
110 North College Avenue
Tyler, TX 75702

Henderson County Tax Assessor
xxxxxxxxxxxx0850
Michael Reed
PO Box 1269
Round Rock, TX 78680

IC Systems, Inc
xxxx4429
PO Box 64378
Saint Paul, MN 55164

Kaufman County Appraisal Dist
PO Box 819
Kaufman Texas  75142-0819

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

IN RE:  **John Edward Bragg Sr.**                                                    CASE NO.
                          *Debtor*

**Kimberly Shay Bragg**                                                              CHAPTER   **13**
                          *Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #3)

| | | |
|---|---|---|
| Kaufman County Tax Office<br>xxx8127<br>Kaufman Co. Courthouse Annex<br>PO Box 339<br>Kaufman Texas  75142 | Leo C. Machaud, P.C.<br>2210 E. Highway 190, Ste. 1<br>Copperas Cove, TX 76522 | Medical Debt Management<br>xxxxxxxxxxxx4906<br>PO Box 814367<br>Dallas, Texas 75381 |
| Kaufman County Tax Office<br>Linebarger Goggin Blair & Sampson LLP<br>Attorneys at Law<br>2323 Bryan St., Ste. 1600<br>Dallas, TX 75201 | Leo C. Michaud<br>112 Cove Terrace<br>Copperas Cove, TX 76522 | Michael Deeds<br>Linebarger, et al<br>2323 Bryan St. Ste., 1600<br>Dallas, TX 75201 |
| Kaufman County Tax Office<br>Michael Deeds<br>Linebarger Goggan Blair & Sampson, LLP<br>2323 Bryan St., Ste. 1600<br>Dallas, TX 75201 | Linh K. Tran<br>2101 Fourth Ave., Ste. 1030, Dept. 632<br>Seattle, WA 98121 | Midland Funding, LLC<br>by American InfoSource LP<br>PO Box 4457<br>Houston, TEXAS 77210-4457 |
| Laurie A. Spindler Huffman<br>Linebarger, Groggan, Blair & Sampson<br>2323 Bryan St., Ste 1600<br>Dallas, TX 75201 | LVNV Funding LLC it successors & assigns<br>assignee of Citibank<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603 | Millennium Loan Fund, LLC<br>xx-xxxxxxxx-xxxxxx-xx83-02<br>c/o The Salkin Law Firm, PA<br>1776 N Pine Island Rd, Ste 218<br>Plantation, FL  33322 |
| LCA<br>P O Box 2240<br>Burlington, NC 27216 | LVNV Funding LLC it successors & assigns<br>assignee of MHC Receivables LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603 | National Capital Management<br>8245 Tournament Dr.<br>Ste. 230<br>Memphis, TN. 38125 |
| LCA Collections<br>P O Box 2240<br>Burlington, NC 27216 | Max Recovery Trust<br>PO Box 10228<br>Newark, NJ 07193-0228 | Phillips & Cohen Associated<br>695 Rancocas Rd.<br>Westampton, NJ 08060 |
| Lee Gordon<br>McCreary, Veselka, Bragg, & Allen<br>PO Box 1269<br>Round Rock, TX 78680 | McCreary, Velselka, Bragg, and Allen P.C<br>P,O. Box 1269<br>Round Rock, Texas 78680 | Portfolio Recovery Associates, LLC<br>P.O. Box 41067<br>Norfolk, VA 23541 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

IN RE:  **John Edward Bragg Sr.**                                         CASE NO.
                         *Debtor*

**Kimberly Shay Bragg**                                                   CHAPTER  **13**
                         *Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #4)

| | | |
|---|---|---|
| PRA Receivables Management, LLC<br>PO Box 41067<br>Norfolk, VA 23541 | Shell<br>P O Box 9151<br>Des Moines, IA 50368-9151 | Texas Medicine Resources<br>P.O. Box 8549<br>Fort Worth, TX 76124 |
| Presbyterian Hospital Kaufman<br>850 Hwy 243 W Bypass<br>Kaufman Texas  75142 | Southside Bank<br>xxx1353<br>PO Box 1079<br>Tyler Texas  75710 | Texas Trauma and Emergency Care<br>xxxx4429<br>PO Box 9477<br>Tyler, TX 75711 |
| Progressive Insurance<br>xxxx0314<br>P.O. Box 650201<br>Dallas, TX 75265 | Southwestern & Pacific Specialty<br>Finance<br>xxx9998<br>d/b/a Check 'n Go<br>1307 W. Main St. Ste. E<br>Gun Barrel City, Texas 75156 | Texas Workforce Commission<br>Attn: Bankruptcy Information<br>101 E. 15th St.<br>Austin, TX 78778-0001 |
| Recovery Management Systems Corp.<br>25 SE 2nd Avenue, Suite 1120<br>Miami, FL 33131<br>Attention:  Ramesh Singh | Sprint<br>xxxx9344<br>PO Box 650270<br>Dallas Texas  75265 | Thomas Anderson, DDS<br>P.O. Box 348<br>Kemp, Texas 75143 |
| Roundup Funding, LLC<br>MS 550<br>PO Box 91121<br>Seattle, WA 98111-9221 | Stage Stores, Inc<br>PO Box 64<br>Jacksonville Texas  75766 | United Revenue Corp<br>204 Billings #120<br>Arlington Texas  76010 |
| Security Finance<br>416 W. Locust<br>Tyler, TX 75702 | State Comp. of Public Accounts<br>Attn: Bankruptcy Section<br>P.O. Box 13528<br>Austin, TX 78711 | United States Attorney<br>110 N. College Ave.<br>Tyler, TX 75702 |
| Security Finance Central Bankruptcy<br>Po Box 1893<br>Spartanburg, SC 29304 | Texas Health Resources<br>c/o Creditors Bankruptcy Services<br>PO Box 740933<br>Dallas, TX 75374 | United States Attorney General<br>Eric H. Holder<br>U.S. Dept. of Justice<br>950 Pennsylvania Ave. NW<br>Washington, D.C. 50530-0001 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

IN RE:  **John Edward Bragg Sr.**                                              CASE NO.
*Debtor*

**Kimberly Shay Bragg**                                              CHAPTER    **13**
*Joint Debtor*

**CERTIFICATE OF SERVICE**
(Continuation Sheet #5)

---

United States Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702


WoodForest National Bank
xxxxxx1700
1200 West Main Street
Gun Barrel City, Texas 75156